```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EDNA A. PAROLA, | CIVIL ACTION NO. 05-4880 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| TOWNSHIP OF HOWELL, et al., |  |
| Defendants. |  |

**THE PARTIES** having been ordered to show cause why the Court should not (1) dismiss the cause of action concerning violation of the right to a speedy trial under federal law, or (2) (a) dismiss the causes of action brought under federal law without prejudice as being premature, (b) dismiss the causes of action brought under state law without prejudice to recommence in state court, and (c) close the entire action (10-19-05 Order to Show Cause); and it appearing the plaintiff brought this action to recover damages arising from her October 17, 2003, arrest under 42 U.S.C. §§ ("Sections") 1981 and 1983 ("Federal Claims") and state law ("State Claims") (Compl.); but the complaint alleging (1) the "charges against plaintiff" resulting from the arrest "have not been resolved" (id. at 9), and (2) "plaintiff has further been deprived of her right to a speedy trial" (id.); and

**IT APPEARING** a claim for a violation of the right to a speedy trial is not cognizable under Section 1983, and should be brought in a petition for a writ of habeas corpus under 28 U.S.C.

§ 2254, see McLaine v. Chioverio, No. 02-3538, 2002 WL 31455888, at *1-*2 (E.D. Pa. Nov. 4, 2002) (granting motion to dismiss complaint); and thus the Court having ordered the plaintiff to show cause why the cause of action concerning a violation of the right to a speedy trial under federal law should not be dismissed; and

**IT APPEARING** — pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) — (1) the Court must determine whether a federal-civil-rights claim, "if successful, would have the hypothetical effect of rendering the criminal conviction or sentence invalid," (2) if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, the claim would be barred until the overturning of the conviction, and (3) "situations . . . where the only evidence supporting the conviction is tainted by a possible constitutional violation that is the subject of a § 1983 action — are perhaps the quintessential example of when the Heck deferred accrual rule is triggered," Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted), see Heck, 512 U.S. at 486-87 (stating Section 1983 claim to be dismissed if judgment for plaintiff would necessarily imply invalidity of conviction or sentence); and

**THE COURT** thus being concerned that if the plaintiff, as to the Federal Claims, "were successful, it would have the hypothetical effect of rendering [her] future conviction invalid," Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008, at *5 (D.N.J.

Aug. 16, 2005) (dismissing Section 1983 claim without prejudice under Heck deferred-accrual rule), cf. Allah v. Whitman, No. 02-4247, 2005 WL 2009904, at *4 (D.N.J. Aug. 17, 2005) (stating — in recognizing not all Section 1983 claims undermine a conviction — there is "no logical or legal argument" to allow court to conclude drug-possession conviction would be called into question by finding excessive force was unlawfully used during arrest); and the Court having been concerned the Federal Claims (1) are "premature under Heck and Gibson because [the plaintiff's] present cause of action for monetary damages must be deferred until [her] underlying state criminal prosecution is rendered invalid," and (2) should be dismissed without prejudice to the plaintiff to "reassert [her] claim for damages in a properly filed civil rights complaint" if she "is able to successfully challenge [her] criminal charges," Wivell v. Liberty Twp. Supervisors, No. 05-1912, 2005 WL 2562297, at *2 (M.D. Pa. Oct. 11, 2005); and thus the Court having inquired whether the Court should not dismiss (1) the Federal Claims without prejudice as being premature, and (2) the State Claims without prejudice to recommence in state court under 28 U.S.C. § 1367(d); and the Court having directed the plaintiff to demonstrate she has asserted at least one Federal Claim that would not render a hypothetical conviction invalid if she were to prevail thereon; and

**THE PLAINTIFF FAILING** to respond to the Court's inquiry; and thus the Court intending to dismiss (1) with prejudice the cause of action concerning a violation of the right to a speedy trial under federal law, (2) without prejudice the remaining Federal Claims as being premature, and (3) without prejudice the State Claims to recommence in state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                        s/ Mary L. Cooper
                        **MARY L. COOPER**
                        United States District Judge